UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ARIEL MORALES BRACHO,<br><br>Plaintiff,<br><br>v.<br><br>JORGE AUGUSTO CALDERON, HERTY CARVAJAL; JUAN MIRANDA; YOENDRI CARBALLEDO HERNANDEZ,<br><br>Defendants. | Case No.: 2:20-cv-01306-RFB-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF Nos. 1-1, 1-2, and 1-3 |

Before the Court is Plaintiff Ariel Morales Bracho's Application to Proceed *in forma pauperis* (ECF No. 4), his July 15, 2020 Complaints against Yoendri Carballedo Hernandez ("Hernandez"), Juan Miranda ("Miranda"), Herty Carvajal ("Carvajal"), and Jorge Augusto Calderon ("Calderon") (ECF No. 1-1), and a duplicate set of complaints against these same four defendants dated July 16, 2020 (ECF Nos. 1-2 through 1-5). Also before the Court is Plaintiff's Motion for Remo[v]al of Judge Elayna J. Youchah from his case. ECF No. 4-1.

**I.   *IN FORMA PAUPERIS* APPLICATION**

Plaintiff filed a complete application to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 4. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted.

**II.   SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual

1

1  matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556
2  U.S. 662, 678 (2009).  The court liberally construes *pro se* complaints and may only dismiss them
3  "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
4  would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

5        When considering whether the complaint is sufficient to state a claim, all allegations of
6  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit*
7  *P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although
8  the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must
9  provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
10 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.*  Unless it is
11 clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should
12 be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v.*
13 *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

14 **III.  PLAINTIFF'S COMPLAINTS**

15       Plaintiff's July 15, 2020 Complaints against defendants Hernandez, Miranda, Carvajal, and
16 Calderon all rely on the same essential set of facts.  Plaintiff claims that in July 2018 he received a
17 complaint filed with "the police," together with a temporary protective order ("TPO") accusing him
18 of threatening Bellagio Hotel and Casino with an act of terrorism.  Plaintiff alleges that defendants
19 alleged he "threatened to return and shoot everyone in the department with a firearm."  Plaintiff says
20 that these defendants made false accusation, violated what the judge ordered in the TPO, and
21 defamed and harassed him "causing serious problems in the social life of Plaintiff."  Plaintiff also
22 asserts a series of allegations against a Las Vegas Metropolitan Police Department Detective who is

not named by Plaintiff as a defendant and then states that defendants violated NRS 200.571,[1] 202.448,[2] 207.280,[3] 200.510,[4] and engaged in Defamation per se.[5]  Plaintiff's July 16, 2020 Complaints against defendants are identical to his July 15, 2020 Complaint against defendants.

Plaintiff fails to allege any claim over which this Court has jurisdiction.  Plaintiff does not allege (nor does it appear he can allege) a constitutional violation against defendants each of whom is a private citizen.  42 U.S.C. § 1983; *Mizkun v. Blanas*, 11 Fed.Appx. 839, 840 (9th Cir. 2001). Plaintiff also does not allege that any defendant engaged in a violation of a federal law over which

---

[1]  Nevada Revised Statute NRS 200.571 is titled "Harassment: Definition; penalties" and states that: 1.  A person is guilty of harassment if: (a)  Without lawful authority, the person knowingly threatens: (1)  To cause bodily injury in the future to the person threatened or to any other person; (2)  To cause physical damage to the property of another person; (3)  To subject the person threatened or any other person to physical confinement or restraint; or (4)  To do any act which is intended to substantially harm the person threatened or any other person with respect to his or her physical or mental health or safety; and (b)  The person by words or conduct places the person receiving the threat in reasonable fear that the threat will be carried out. 2. Except where the provisions of subsection 2, 3 or 4 of NRS 200.575 are applicable, a person who is guilty of harassment: (a)  For the first offense, is guilty of a misdemeanor. (b)  For the second or any subsequent offense, is guilty of a gross misdemeanor.  3.  The penalties provided in this section do not preclude the victim from seeking any other legal remedy available.

[2]  NRS 202.448 is titled "Making threats or conveying false information concerning acts of terrorism, weapons of mass destruction, lethal agents or toxins prohibited; penalty" and states: 1. A person shall not, through the use of any means of oral, written or electronic communication, knowingly make any threat or convey any false information concerning an act of terrorism or the presence, development, manufacture, production, assemblage, transfer, transportation, acquisition, retention, storage, testing, possession, delivery, dispersion, release, discharge or use of any weapon of mass destruction, any biological agent, chemical agent, radioactive agent or other lethal agent or any toxin with the intent to: (a)  Injure, intimidate or alarm any person, whether or not any person is actually injured, intimidated or alarmed thereby; (b)  Cause panic or civil unrest, whether or not such panic or civil unrest actually occurs; (c)  Extort or profit thereby, whether or not the extortion is actually successful or any profit actually occurs; or (d)  Interfere with the operations of or cause economic or other damage to any person or any officer, agency, board, bureau, commission, department, division or other unit of federal, state or local government, whether or not such interference or damage actually occurs.  2. A person who violates any provision of subsection 1 is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 20 years, and may be further punished by a fine of not more than $5,000.  3. The provisions of this section do not apply to any act that is committed in a lawful manner and in the course of a lawful business, event or activity.

[3]  NRS 207.280   False reporting of crimes unlawful.   Every person who deliberately reports to any police officer, sheriff, district attorney, deputy sheriff, deputy district attorney or member of the Department of Public Safety that a felony or misdemeanor has been committed, which causes a law enforcement agency to conduct a criminal or internal investigation, knowing such report to be false, is guilty of a misdemeanor.

[4]  **NRS  200.510 is titled "Definition; penalties; truth may be given in evidence; jury to determine law and fact" and states:** 1. A libel is a malicious defamation, expressed by printing, writing, signs, pictures or the like, tending to blacken the memory of the dead, or to impeach the honesty, integrity, virtue, or reputation, or to publish the natural defects of a living person or persons, or community of persons, or association of persons, and thereby to expose them to public hatred, contempt or ridicule. 2. Every person, whether the writer or publisher, convicted of the offense is guilty of a gross misdemeanor. 3. In all prosecutions for libel the truth may be given in evidence to the jury, and, if it shall appear to the jury that the matter charged as libelous is true and was published for good motive and for justifiable ends, the party shall be acquitted, and the jury shall have the right to determine the law and the fact.

[5]  In Nevada, "the general elements of a defamation claim require a plaintiff to prove: '(1) a false and defamatory statement by [a] defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages.'" *Pegasus v. Reno Newspapers,* 57 P.3d 82, 90 (2002) (citing *Chowdhry v. NLVH, Inc.,* 109 Nev. 478, 851 P.2d 459, 462 (1993)).

this Court may exercise jurisdiction. *See Bey v. City of Oakland*, Case No. 14-cv-01626-JSC, 2014 WL 4220319, at *3 (N.D. Cal. Aug. 25, 2014) (citing *Ou-Young v. Vasquez*, Case No. 12-CV-02789-LHK, 2012 WL 5471164, at *4 (N.D. Cal. Nov. 9, 2012)).

More importantly, Plaintiff does not allege facts supporting an exercise of diversity jurisdiction. 28 U.S.C. § 1332. That is, Plaintiff does not plead that he is a citizen of one state and defendants are citizens of other states. The federal statute establishing diversity jurisdiction, which allows a federal court to exercise jurisdiction over state law claims such as those Plaintiff alleges, requires a plaintiff to plead that the amount in controversy exceeds $75,000 and that the dispute is between "citizens of different States." 28 U.S.C. § 1332(a)(2). While Plaintiff arguably meets the amount in controversy requirement in his pleadings, he does not meet the requirement demonstrating he is a citizen of one state and defendants are citizens of other states.

Plaintiff does not identify his state of residency in his pleadings; however, he does repeatedly provide his address showing that he lives in Las Vegas, Nevada strongly suggesting he is a citizen of the State of Nevada. ECF Nos. 1-1 through 1-5 at 1. Further, Plaintiff repeatedly alleges that defendants were his coworkers at Bellagio Hotel and Casino. ECF Nos. 1-1 at 4 ¶ 1; 1-1 at 7 ¶ 1; 1-1 at 12 ¶ 1; 1-3 ¶ 1; 1-4 ¶ 1; 1-5 ¶ 1. This leads to the reasonable inference that defendants are also citizens of the State of Nevada.

On the basis of the information Plaintiff has placed before the Court as summarized above, Plaintiff fails to allege sufficient facts to allow the Court to exercise jurisdiction over this dispute.

**IV.   PLAINTIFF'S MOTION TO REMOVE**

Plaintiff's Motion to Remove the undersigned fails as a matter of law. "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. The legal sufficiency of a motion for recusal is determined by the judge against whom recusal is sought. *U.S. v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). Only after the legal sufficiency of the required affidavit is determined does it become the duty of the judge to "proceed no further" in the case. *Id*. (internal citations omitted). The

4

affidavit must "state facts and reasons which tend to show personal bias and prejudice regarding justiciable matter[s] pending and must give support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Hussein v. Univ. and Cmty. Coll. Sys. of Nev.*, Case Nos. 3:04-CV-0455 JCM (GWF), 3:05-CV-0076 JCM (GWF), 2010 WL 3385298, at *1 (D. Nev. Aug. 24, 2010), *citing Berger v. U.S.*, 255 U.S. 22, 33 (1921). Further, the facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice. *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975).

Here, Plaintiff has not submitted the required affidavit of prejudice and, therefore, any request for recusal is improper. *Cf. U.S. v. Perry*, Case No. CR-LV-118-HDM, 1990 WL 43730, at *2 (D. Nev. Feb. 12, 1990) ("The court concludes, on the basis of the information provided to the court . . . in his motion and accompanying affidavit, that he has failed to set forth a basis for concluding that there is a statutory bias on the part of the undersigned against the movant"). Moreover, the content of Plaintiff's motion are almost indecipherable. Plaintiff states he "strongly disagrees" with the conclusion the undersigned reached regarding Plaintiff's failure to file a proper *in forma pauperis* application and alleges corruption, but fails to identify any facts that would support either concern. Accordingly, Plaintiff's Motion to Remove the undersigned is denied.

**V.     Order**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 4) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remo[ve] (ECF No. 4-1) is DENIED.

**VI.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaints (ECF Nos. 1-1, 1-2, 1-3, 1-4, and 1-5) be DISMISSED without prejudice to allow Plaintiff to include information in his pleading demonstrating that the U.S. District Court for the District of Nevada has jurisdiction over this dispute.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within **thirty (30) days** of the date of this Order. If Plaintiff chooses to file an amended complaint, the document **must be titled** "Amended Complaint." The amended complaint **must** provide sufficient facts to demonstrate this federal court has jurisdiction over the state law claims asserted. The amended complaint must also contain a short and plain statement describing the basis for each of Plaintiff's claims against each named defendant. The claims must include enough specificity to provide each defendant with sufficient notice of the alleged conduct or action that Plaintiff alleges constitutes a violation of the laws described above.

Plaintiff is advised that if he chooses to file an amended complaint, the existing Complaints (ECF Nos.1-1 through 1-5) will no longer have any effect. For this reason, **the amended complaint must be complete in and of itself without reference to prior pleadings or other documents**. The Court cannot refer to the prior complaint to make Plaintiff's second amended complaint sufficient under the law.

Dated this 23rd day of November, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).